## UIAGALELEI IONA, Appellant

### v.

## ULUFALE SAFUE, Appellee

High Court of American Samoa
Appellate Division

AP No. 06-90

December 11, 1990

Before FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, MALEATASI***, Acting Associate Justice, VAIVAO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Appellant, Togiola T.A. Tulafono
         For Appellee, Gata E. Gurr

Appellant-plaintiff appealed the trial court's decision that the gravesite of appellee-defendant's father and mother is located on land belonging to appellee. Appellant contended at trial that the land on which the gravesite is located belongs to appellant-plaintiff.

In 1931, appellee's father, Fuimaono Safue, passed away and was buried in the gravesite now in dispute. In 1964, appellee's mother passed away, and she was buried at the same gravesite as her husband. A rock "tia" was placed at the gravesite.

In 1984 or 1985, appellee Ulufale Safue started improving the gravesite by replacing the rocks with marble. Appellant Uiagalelei Iona objected, claiming that the land on which the grave was located belongs to his family. When Ulufale Safue refused to discontinue improving the gravesite, Uiagalelei Iona brought a lawsuit for a determination of the ownership of the land on which the gravesite is located.

---

* Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Andrew J. Kleinfeld, District Judge, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

*** Honorable Maleatasi M. Togafau, District Judge, High Court of American Samoa, serving by designation of the Secretary of the Interior.

Uiagalelei Iona claims that Ulufale Safue's father, Fuimaono Safue, was buried on Uiagalelei (Ui) family land called "Tiapepe" with the permission of appellant's grandfather, Uiagalelei Faagaoi. According to appellant, the reopening of the grave to bury appellee's mother was also done with the permission of appellant's father.

Uiagalelei Iona explains that his family's land (a.k.a. Uiagalelei land) is bounded on the west by land belonging to High Chief Namu and on the east by land belonging to the Sa Lemeana'i family. Appellant also contends that the eastern boundary is marked by a stream bed that comes down from the mountain and passes by a Congregational Christian Church building. According to plaintiff, the Uiagalelei family gifted to appellee's father, Fuimaono Safue, the easternmost portion of the Uiagalelei land from the church to the eastern boundary marked by the Sa Lemeana'i family's land. After gifting this land to appellee's family, the Uiagalelei land's eastern boundary was marked by two coconut trees across from the church. *See* Appellant's Opening Brief at 2. Apparently, the gravesite is located on land that is either on Tiapepe or Uiagalelei land or on the land that was gifted to the Ulufale family.

Defendant Ulufale Safue claims that the land on which the gravesite is located belongs to the Ulufale family. Appellee was present at the burial of his father on this land and no one objected. He was also present at the reopening of the grave for the burial of his mother and no one objected. More importantly, adjacent to the gravesite are buildings belonging to the Ulufale family and other graves of Ulufale family members.

Appellant has appealed on two grounds the trial court's decision that the land on which the gravesite is located belongs to the Ulufale family. First, appellant has argued that the trial court's decision is unsupported by the record. Second, appellant has argued that the Samoan judges should have recused themselves because of obvious bias and prejudice.

This court can set aside findings of the trial court only if they are clearly erroneous. *Malaga v. Mase*, 3 A.S.R. 518 (1957); *Tiumalu v. Tiumale*, 3 A.S.R. 502 (1956).

According to the trial court, the grave is located on the "malae" in Futiga. The Uiagalelei family and the Ulufale family own adjoining tracts of land on the malae. The instant dispute revolves around the question whether the boundary dividing the Uigalelei land from the

160

Ulufale land lies a few feet to the east of the grave, as Uigalelei contends, or a few feet to the west of the grave, as Ulufale contends. *See* Trial Court's Opinion and Order at pp. 1-2 attached as Exhibit A to Appellant's Brief.

Both sides argued family history to show that the land on which the gravesite is located belongs to their respective families. Uiagalelei Iona has claimed that the gravesite is located on land that was his family's traditional burial ground. The trial court, however, found no evidence of the existence of any Uiagalelei graves on the land in question.

There is sufficient evidence in the record to support the trial court's finding that the subject gravesite is located on land belonging to Ulufale Safue's family. First, the trial court noted that it is unlikely that a chief of one family would be buried on land of another family. Generally, the custom is to place family graves on family land, to tend to them carefully, and to rely on them as evidence of land ownership.

Second, the only existing monument on the land in question is the grave of Appellee's father. This fact suggests that the land belongs to the Ulufale family.

Third, the trial court noted that it was implausible that appellee's family would have buried their father on appellant's land, given the fact that there was land indisputably belonging to appellee's family only a few feet away from the gravesite that could have just as easily been used for this purpose.

Fourth, the trial court relied on the presumption of ownership that comes with possession of real property. *Piluti v. Muliufi*, 4 A.S.R. 672, 674 (1965). Where the question of ownership of land is in dispute and there is no written record or document showing positive title, the best evidence of ownership is found in the person who has been using the land under a claim of right and without objection from other parties. *Satele v. Afoa*, 1 A.S.R. 424, 425 (date unknown). Continuous use and possession of real property is better evidence of title than family history and tradition. *Tupuola v. Moaali'itele*, 1 A.S.R.2d 80 (1983). Indeed, the person in possession of land is considered the true owner as against anyone but the legal owner. *Mageo v. Government*, 4 A.S.R. 874, 880 (1963).

161

In this case, the Ulufale family had been in possession of the land in question since 1931, when appellee's father was buried there. This continuous use and possession of the land is better evidence of ownership than appellant's reliance on family history. Therefor the trial court had substantial grounds upon which to base its finding that the land in question was owned by appellee rather than appellant.

As to appellant's claim of bias, it was argued that the Honorable Tauanu'u's questions were unfair and prejudicial. Appellant has alleged that Judge Tauanu'u asked questions about unwritten family history, knowing that Samoan history is not written. Appellant has further alleged that Judge Tauanu'u asked questions inferring that the cause of problems between the Uiagalelei and Ulufale families were instigated by the Uiagalelei. Appellant has also argued that Judge Mata'utia Tuiafono was biased and prejudiced against appellant because Judge Tuiafono is related to the McKenzies who serve the Ulufale.

Appellant has argued that this court should reject appellant's claims of bias because these claims were not raised on a timely fashion prior to trial.

Regardless of when these claims of bias were raised, there is no evidence to support such claims that the two Samoan judges were prejudiced or biased against appellant. A judge often asks counsel questions on points on which the judge is concerned. The mere fact that a judge's questions point out the flaws in counsel's position does not mean that the judge is biased or prejudiced against a particular party. Additionally, appellant has not produced any evidence that Judge Tuiafono's relation to the McKenzie family adversely impacted on this trial. The McKenzie family is not a party to this lawsuit, and there is no evidence, aside from such bald assertions, that the McKenzie family serves the Ulufale family.

Accordingly, having reviewed appellants arguments in support of their appeal and finding none compelling, the trial court's decision is hereby AFFIRMED.